Opinion filed July 20, 2006
















 
 
 The Court on this day, August 31, 2006, has withdrawn this opinion
 and judgment dated July 20, 2006, and substituted the opinion and judgment
 dated August 31, 2006.
 
 







 
 
  
 
 




Opinion filed July 20, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00292-CR 

                                                    __________

 

                                 DERRICK SHANE BOYD, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the County Court at Law

 

                                                           Erath County, Texas

 

                                                   Trial
Court Cause No. 35,642

 



 

                                                                   O
P I N I O N

 

Derrick Shane Boyd appeals his conviction for
interference with the duties of a peace officer.  Tex.
Pen. Code Ann. '
38.15 (Vernon
Supp. 2005).  After the jury found
appellant guilty, the trial court sentenced him to seventy-two hours in the
Erath County Jail and assessed a $400 fine and $213 court costs.  In two points of error, appellant argues that
the trial court erred in failing to quash the amended information and that the
evidence was legally insufficient to support the conviction.  Because the evidence was legally
insufficient, we reverse and enter a judgment of acquittal.








Standard of Review

In reviewing claims of legal sufficiency, we
review all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.  2000); Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996). Due deference must be given to the fact-finder=s determination, particularly
concerning the weight and credibility of the evidence.  Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000); Jones
v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).

Background Facts

The State called only one witness, Stephenville
Police Officer Brandon Boen.  Appellant
neither testified nor called any witnesses. 
The following is a summary of Officer Boen=s
testimony.

At about 2:00 a.m., Officer Boen and Officer
Brandon West were dispatched to the residence of the Delta Chi Fraternity to
investigate a loud noise coming from the house. 
The Stephenville Police Department had previously received numerous
disorderly conduct complaints about the residence, and officers had been sent
to the residence eight times prior to this 
investigation.  As they approached
the house, the officers heard a lot of loud talking and music coming from the
house that Officer Boen described as being Aan
unreasonable amount of noise.@  Officer Boen knocked on the front door
several times and announced that he was a Stephenville police officer.  No one came to the door.

Appellant came out into the carport area and
looked at the officers.  When Officer
Boen asked appellant to come talk to them, appellant instead went back into the
house.  The officers then heard doors
being locked from the inside.  A few
minutes later, however, Gregory Cichon came out into the carport area.  Officer Boen went to the carport area to talk
to Cichon about the noise complaint. Officer Boen realized that the police
department had cited Cichon for a noise violation on a previous occasion and
asked Cichon to bring out the other individuals in the house.  Cichon agreed; but, when Officer Boen asked
Cichon to leave the door to the house open, Cichon refused and started to close
the door.  When it became clear that
Cichon was not going to cooperate, Officer Boen placed Cichon in custody.








While the officers were detaining Cichon,
appellant and several others came out and began questioning the officers.  Appellant began to tell the officers that
they had no legal right to be at the house and no right to take Cichon into
custody.  When Officer Boen asked
appellant if he lived at the house, appellant said that he did.  Appellant continued to be verbally aggressive
with the officers, and there was a strong smell of alcohol emanating from all
the participants.

Officer Boen asked appellant to come down the
steps into the carport for a talk. 
Officer Boen planned to identify appellant and then place him under
arrest for disorderly conduct.  Appellant
told Officer Boen that he was not going to step down into the carport and
started back into the house, attempting to shut the screen door.  Officer Boen described the next events as
follows:

He proceeded to try to pull away from us.  He kept his arms inside.  We were trying to get his arms out to detain
him.  During the scuffle, we got knocked
into the kitchen table. . . . I got a chance to grab a hold of his arm.  I performed a straight-arm takedown. . . .
[W]e took the subject to the ground, placed him in handcuffs and took him into
custody for the DOC [disorderly conduct complaint].

 

Officer Boen said that he believed that he had probable cause to
arrest appellant for the disorderly conduct noise.  After identifying appellant, the officers
determined that he had been drinking alcohol despite being under the age of
twenty-one.

The officers placed Cichon and appellant in
separate patrol cars and then completed their investigation of the noise
disturbance.  They went inside the
residence, determined that no other resident was there, cleared and secured the
house, and then left.

Analysis

Appellant was charged and convicted under Section
38.15 which states that it is an offense to interfere with the public duties of
peace officers, emergency medical service providers, fire fighters, corrections
officers, jailers, and animal control officers.  In particular, the information charged
appellant under Section 38.15(a)(1):

(a) A person commits an offense if the person with
criminal negligence interrupts, disrupts, impedes, or otherwise interferes
with:

 

(1) a peace officer while the peace officer is
performing a duty or exercising authority imposed or granted by law.

 








There appears to be only one reported case on
appeal involving prosecution under Section 38.15:  Carney v. State, 31 S.W.3d 392 (Tex.
App.CAustin
2000, no pet.).  In Carney, the
court held that the evidence was legally insufficient to support the
conviction.  The information in Carney
specifically limited the manner and means allegedly used by the defendant in
interfering with the police officer to Ablocking
entry into a residence.@  Id.
at 396.  The court found that there was
no evidence that the defendant was up against the door physically preventing
the officer=s entry. 

The information in our case provided in part:

Derrick
Shane Boyd, did in the County of Erath and the State of Texas, then and there:
while B. Boen, a peace officer, was performing a duty or exercising authority
imposed or granted by law, to-wit: investigation of a loud noise disturbance,
with criminal negligence, interrupt, disrupt, impede, or interfere with the
said B. Boen by trying to pull away from the officer.

 

Officer Boen testified that appellant tried to
pull away from him, and the jury could reasonably infer that appellant was
impeding and interfering with Officer Boen=s
investigation by pulling away.  However,
the State had to prove the essential element that appellant had the culpable
mental state of criminal negligence.  Tex. Pen. Code Ann. ' 6.03(d) (Vernon 2003) provides:

A person acts with criminal negligence, or is
criminally negligent, with respect to circumstances surrounding his conduct or
the result of his conduct when he ought to be aware of a substantial and
unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree
that the failure to perceive it constitutes a gross deviation from the standard
of care that an ordinary person would exercise under all the circumstances as
viewed from the actor=s
standpoint.

 

The State introduced no evidence that appellant
ought to have been aware of a substantial and unjustifiable risk or what that
risk was.  In circumstances similar to
those now before us, the legislature=s
failure to add the additional culpable mental states of intentionally,
knowingly, or recklessly presents problems to the prosecution.  Appellant intended to impede Officer Boen=s investigation, and he knowingly did
so.  But there is no evidence that he
acted with criminal negligence.

Appellant should have been charged with evading
arrest or detention.  Tex. Pen. Code Ann. ' 38.04 (Vernon 2003).  A person commits that offense if he
intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or to detain him.








A temporary detention is justified when the
detaining officer has specific articulable facts which, taken together with
rational inferences from those facts, lead him to conclude that the person
detained is, has been, or soon will be engaged in criminal activity.  Woods v. State, 956 S.W.2d 33, 38
(Tex. Crim. App. 1997).  Officer Boen
heard the unreasonably loud talk and music, confirmed that appellant resided in
the house, and was entitled to the inference that appellant may have been
responsible for the unreasonably loud noise violation.[1]  An investigative detention is a seizure under
which the citizen is not free to leave, but it must be reasonable under the
Constitutions of the United States
and Texas.  Francis v. State, 922 S.W.2d 176, 178
(Tex. Crim.
App.  1996).  It was reasonable to detain appellant for
questioning under the circumstances. 
Officer Boen was entitled to follow appellant into the house and arrest
him for violating Section 38.04.  But the
State chose to charge appellant under Section 38.15, not Section 38.04.  There is no evidence that appellant was
criminally negligent in his conduct. 
Because we find that appellant=s
second point is correct B
the evidence to convict was legally insufficient B
we need not address his first point that the trial court erred in failing to
quash the information.

This Court=s
Ruling

We reverse the trial court=s
judgment and enter a judgment of acquittal.

 

TERRY McCALL

JUSTICE

 

July 20, 2006

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]For a recent case concerning violation of a noise
ordinance, see State v. Holcombe, 187 S.W.3d 496 (Tex. Crim. App. 2006).